**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER J. SYSEL,<br><br>                   Plaintiff,<br><br>     vs.<br><br><br>MORENO, Deputy Sheriff,<br><br>                Defendant. | Case No.:  3:26-cv-1618-BTM-DEB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

Plaintiff Roger J. Sysel ("Plaintiff"), currently detained at Vista Detention Facility and proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. In lieu of paying the filing fee required by 28 U.S.C. § 1914(a), Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the reasons discussed below, the Court denies Plaintiff's IFP motion and dismisses the action without prejudice.

## I.   IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's IFP Motion is incomplete because he has not included a certified copy of his trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Without a certified

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II.    CONCLUSION AND ORDER

Accordingly, the Court:

(1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2)    **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full by or submitting a properly supported IFP Motion within forty-five (45) days, a final judgment of dismissal will be entered.

(3)    **DIRECTS** the Clerk to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated:  May 4, 2026

_____
Hon. Barry Ted Moskowitz
United States District Judge